KAYE SCHOLER LLP
Aton Arbisser, Bar Number 150496
Julian Brew, Bar Number 150615
Joshua Stambaugh, Bar Number 233834
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendants Infineon Technologies
North America Corp. and Infineon Technologies AG
*[Additional counsel and Defendants listed on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HYNIX SEMICONDUCTOR, INC., ET AL., <br><br> Defendants. <br><br> This document also filed in **related cases**: <br><br> *Unisys Corporation v. Hynix Semiconductor, Inc., et al.*, Case No. C-06-02915 PJH <br><br> *All American Semiconductor, Inc. v. Hynix Semiconductor, Inc., et al.*, Case No. C-07-01200 PJH <br><br> *Edge Electronics, Inc. v. Hynix Semiconductor, Inc., et al.*, Case No. C-07-01207 PJH <br><br> *Jaco Electronics, Inc. v. Hynix Semiconductor, Inc., et al.*, Case No., C-07-01212 PJH <br><br> *DRAM Claims Liquidation Trust, by its Trustee Wells Fargo Bank, NA v. Hynix Semiconductor, Inc., et al.*, Case No. C-07-01381 PJH | Case No. C 06-01665 PJH <br><br> **DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS TO DECL. OF DAVID CROSS SUBMITTED BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS HALBERT WHITE** <br><br> Hearing Date: December 10, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 3, 17th Floor <br> Judge: Hon. Phyllis J. Hamilton |

In response to Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White Pursuant to Fed. R. Evid. 702, Plaintiffs Sun Microsystems, Inc., Unisys Corporation, All American Semiconductor, Inc., Edge Electronics, Inc., Jaco Electronics, Inc. and DRAM Claims Liquidation Trust (collectively, "Plaintiffs") submitted the Declaration of David Cross in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White ("Cross Declaration") and exhibits 1 through 36 attached thereto. Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., Infineon Technologies AG, Infineon Technologies North America Corporation, Nanya Technology Corporation, Nanya Technology Corporation USA, Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and NEC Electronics America, Inc. ("Defendants") hereby object to the exhibits offered by the Plaintiffs in the Cross Declaration on the grounds and for the reasons set forth below. Defendants hereby reserve the right to raise additional objections, and to renew the objections made herein, to the evidence listed below and *any other evidence submitted* by Plaintiffs in opposition to Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Halbert White at any subsequent proceeding in this action,

## I.   PRELIMINARY STATEMENT

Any exhibits submitted to the court in opposition to a motion must meet all requirements for admissibility of evidence if offered at the time of trial. *See Travelers Cas. & Sur. Co. v. Telstar Constr.* Co., 252 F. Supp. 2d 917, 923 (D. Ariz. 2003); *see also* Local Rule 7-5 (a)-(b) (requiring all "factual contentions" made in support of or in opposition to any motion to be supported by an affidavit or declaration, and stating that declarations shall contain only factual, evidentiary matter and shall conform as far as possible with the requirements of Federal Rule of Civil Procedure 56(e).)

**A.  Exhibits 8-24 and 26-32 (scholarly articles).** These Exhibits consist of scholarly articles from publications related to economics, and all except two of them were neither cited nor relied upon in Professor White's Expert Reports. Thus, they were introduced for the first time in

connection with Plaintiffs' Opposition brief. Defendants object to these Exhibits on the basis that they lack foundation because Professor White has not testified to their meaning or how they support his analysis. Plaintiffs' Opposition cites to these articles to support the factual statements that the concept of excluding factors that were "tainted" by a conspiracy "has played a central role within the large body of statistics and economic literature that deal with the problem of constructing multiple regression analyses," Opposition at 12:6-7, and that "[t]wo step forecasting approaches have been shown to provide superior results in many other contexts," Opposition at 14:6-7. But these statements are not based upon any admissible declaration from any expert and are not found in Dr. White's expert reports. *See* N.D. Local Rule 7-5 (a) ("Factual contentions made in support of or in opposition to any motion ***must be supported by*** an affidavit or declaration.") (emphasis added). The only explanation for attaching these articles is based upon statements by the Plaintiffs' attorneys in their opposition brief which is not supported by any factual declarations based upon personal knowledge of these articles, what they mean, or how they compare to Professor White's analysis. *See* N.D. Local Rule 7-5 (b). For the reasons stated above, Defendants also object to the introduction of these exhibits on the grounds that they are entirely irrelevant to the issues raised in Defendants' Motion to exclude Professor White. *See* Fed. R. Evid. 401-402.

Defendants further object to **Exhibits 8-24 and 26-32** on the basis of the hearsay rule. *See* Fed. R. Evid. 801 & 802. There are no applicable exceptions to the hearsay rule for these articles, including the "learned treatise" exception found in Fed. R. Evid. 803 (18). These articles were certainly not used to cross-examine an expert nor were they "relied upon by the expert witness in direct examination." *Id.* Professor White's expert reports were supposed to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." FRCP 26(2)(B)(i). Moreover, a necessary requirement of that exception is that it must be "established as a reliable authority by the testimony or admission of [an expert witness]." Fed. R. Evid. 803 (18). As noted above, neither Professor White nor any other expert witness has established that these articles

2

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO
MOTION TO EXCLUDE TESTIMONY OF HALBERT WHITE
Case No. 06-01665 PJH and *related cases*

or their underlying publications are reliable authority in this matter and for the purposes stated in Plaintiffs' Opposition.

### B. Exhibit 25 (Excerpt from transcript of *Daubert* hearing in *In Re Vitamins*).

Defendants object to Exhibit 25 on the basis of the hearsay rule. *See* Fed. R. Evid. 801 & 802. Defendants further object that this exhibit constitutes an incomplete document, which renders it unintelligible and meaningless to the issues presented in Defendants' Motion. *See* Fed. R. Evid. 106. Plaintiffs have attached one page of a transcript that is at least 43 pages long (as indicated by the page numbers on the transcript), and have offered no explanation for excluding the remainder of the transcript. Because Defendants (and the court) have no opportunity to review the entire expert report that was the subject of the hearing in Exhibit 25, and because the entire transcript "ought in fairness to be considered contemporaneously" with the one page excerpt submitted by the Plaintiffs, this Exhibit should be excluded. *See* Fed. R. Evid. 106.

Defendants further object to this exhibit on the basis that it lacks foundation because there has been no testimony as to what was actually contained in the expert report that is the subject of the *Daubert* hearing in this unrelated action or how it actually compares to Professor White's analysis and Plaintiffs have not produced the entire report to the Defendants, despite the fact that Defendants have requested it. *See* N.D. Local Rule 7-5.

Defendants further object to this exhibit pursuant to Fed. R. Evid. 1002, which states that in order "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required . . ." Plaintiffs are attempting to introduce statements by the court in *Vitamins* to prove the contents of the expert report that was submitted. *See* Opposition at 15:16-18. However, under Rule 1002, Plaintiffs are required to submit the report itself.

For the reasons stated above, Defendants also object to the introduction of these exhibits on the grounds that they are entirely irrelevant to the issues raised in Defendants' motion. *See* Fed. R. Evid. 401-402.

**C. Exhibit 33 (Excerpt from expert report of Douglas Bernheim submitted in *In Re Vitamins*).**

Defendants object to Exhibit 33 on the basis of the hearsay rule. *See* Fed. R. Evid. 801 & 802. Defendants further object that this exhibit constitutes an incomplete document, which renders it unintelligible and meaningless to the issues presented in Defendants' Motion. *See* Fed. R. Evid. 106. Plaintiffs have attached two pages of what was most likely a report consisting of hundreds of pages, and have offered no explanation for excluding the remainder of the report, despite the fact that Defendants have requested it. Because Defendants (and the court) have no opportunity to review the entire expert report in Exhibit 33 in connection with this motion, and because the entire report "ought in fairness to be considered contemporaneously" with the two page excerpt submitted by the Plaintiffs, this Exhibit should be excluded. See Fed. R. Evid. 106.

Defendants further object to this exhibit on the basis that it lacks foundation because there has been no testimony as to what this actually contained in the expert report that is the subject of the *Daubert* hearing in this unrelated action, or how it relates specifically to Professor White's analysis in this case, and Plaintiffs have not produced the entire report to the Defendants, despite the fact that Defendants have requested it. In fact, Professor White specifically testified that he ***did not review this report*** in the *Vitamins* case (drafted over five years ago) in preparing his two reports in this case, and ***did not take any steps*** to test whether the methodology used by Dr. Bernheim in the *Vitamins* matter was consistent with the methodology White used in this case. *See* 07/30/08 Stambaugh Declaration, Ex. 21 at 72-73. Plaintiffs' Opposition cites to this Exhibit for support of the factual statement that "[a] two step prediction method [*i.e., a two step method similar to the one used by Professor White in this case*] has also been recognized in antitrust litigation as a methodology acceptable under *Daubert*." Opposition at 15:6-7 (bracketed language added). But this statements is not based upon any admissible declaration from any expert. *See* N.D. Local Rule 7-5 (a) ("Factual contentions made in support of or in opposition to any motion ***must be supported by*** an affidavit or declaration.") (emphasis added). As noted above, Professor White testified that he did not review

4

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF HALBERT WHITE
Case No. 06-01665 PJH and *related cases*

1  the *Vitamins* report in preparing his own reports for this case, and thus there is no foundation for the
2  statement that the *Vitamins* report is similar to Professor White's report, or that the *Vitamins* report
3  uses a "two step" analysis that is analogous to White's "two step" method here. The only discussion
4  of this excerpt comes from statements by Plaintiffs' attorneys in their opposition brief without any
5  factual declarations based upon personal knowledge. *See* N.D. Local Rule 7-5 (b).

6  For the reasons stated above, Defendants also object to the introduction of these exhibits on
7  the grounds that they are entirely irrelevant to the issues raised in Defendants' Motion to exclude
8  Professor White. *See* Fed. R. Evid. 401-402.

### D. Exhibit 34 (excerpts from transcript of *Daubert* hearing in *Linerboard*)

Defendants object to Exhibit 34 on the basis of the hearsay rule. *See* Fed. R. Evid. 801 & 802. Defendants further object that this exhibit constitutes an incomplete document. *See* Fed. R. Evid. 106. Plaintiffs have attached four pages of what was a transcript consisting of more than 100 pages, and have offered no explanation for excluding the remainder of the document. Because Defendants (and the court) have no opportunity to review the entire transcript in Exhibit 34 in connection with this motion, and because the entire transcript "ought in fairness to be considered contemporaneously" with the four page excerpt submitted by the Plaintiffs, this Exhibit should be excluded. *See* Fed. R. Evid. 106.

Defendants further object to this Exhibit on the basis that it lacks foundation because there has been no testimony as to what was contained in the expert report that is the subject of the *Daubert* hearing in this unrelated action, and Plaintiffs have not produced the entire report to the Defendants, despite the fact that Defendants requested it. Plaintiffs state in their Opposition that "a two step method [*i.e., a two step method similar to the method Dr. White has used in this case*] was employed by Dr. White to estimate damages in the *Linerboard* case," but cite to Exhibit 34 which includes only vague statements by **plaintiffs' counsel** during a *Daubert* hearing in the *Linerboard* matter to support this assertion. These statements are not based upon any admissible declaration from any expert. *See* N.D. Local Rule 7-5 (a) ("Factual contentions made in support of or in opposition to any

5

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF HALBERT WHITE
Case No. 06-01665 PJH and *related cases*

motion ***must be supported by*** an affidavit or declaration.") (emphasis added). Thus, there is no foundation for the statement that the *Linerboard* report used a "two step" analysis that is analogous to White's "two step" method here, or there is no declaration explaining how it relates specifically to Professor White's analysis in this case, The only discussion of this excerpt comes from statements by Plaintiffs' attorneys in their opposition brief without any factual declarations based upon personal knowledge. More importantly, Plaintiffs' characterization of the statement by the attorney in *Linerboard* directly contradicts ***Professor White's testimony that the method he used in Linerboard was not the same as the method he used in this case.*** 07/30/08 Stambaugh Declaration, Ex. 20 at 312:18-313:21. Thus, use of Exhibit 34 as set forth in Plaintiffs' opposition contradicts White's testimony on this matter, and should be excluded.

    Defendants further object to this exhibit pursuant to Fed. R. Evid. 1002, which states that in order "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required . . ." Plaintiffs are attempting to introduce statements by plaintiffs' counsel in *Linerboard* to prove the contents of the expert report that was submitted. *See* Opposition at 16:5-10. However, under Rule 1002, Plaintiffs are required to submit the report itself.

    For the reasons stated above, Defendants also object to the introduction of these exhibits on the grounds that they are entirely irrelevant to the issues raised in Defendants' Motion to exclude Professor White. *See* Fed. R. Evid. 401-402.

DATED: October 31, 2008

Respectfully Submitted,
KAYE SCHOLER LLP

By: _____/s/_____
Julian Brew
Attorneys for Defendants
INFINEON TECHNOLOGIES NORTH AMERICA CORP. AND INFINEON TECHNOLOGIES AG
*[On behalf of all Defendants listed below]*

6

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF HALBERT WHITE
Case No. 06-01665 PJH and *related cases*

Dated: October 31, 2008

KENNETH R. O'ROURKE
O'MELVENY & MYERS LLP

By:_____/s/_____
        Kenneth R. O'Rourke

Attorneys for Defendants
HYNIX SEMICONDUCTOR INC. and
HYNIX SEMICONDUCTOR AMERICA INC.
in all but the DRAM Claims Liquidation Trust
matter

Dated: October 31, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:_____/s/_____
        Howard M. Ullman

Attorneys for Defendants
NANYA TECHNOLOGY CORPORATION
and NANYA TECHNOLOGY
CORPORATION USA

Dated: October 31, 2008

SIMPSON THACHER & BARTLETT LLP

By:_____/s/_____
        Harrison J. Frahn IV

Attorneys for Defendants
ELPIDA MEMORY, INC. and
ELPIDA MEMORY (USA) INC.

Dated: October 31, 2008

THELEN REID BROWN RAYSMAN &
STEINER LLP

By:_____/s/_____
        Robert Pringle

Attorneys for Defendants
NEC ELECTRONICS AMERICA, INC.

7

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF OPPOSITION TO
MOTION TO EXCLUDE TESTIMONY OF HALBERT WHITE
Case No. 06-01665 PJH and *related cases*

Dated: October 31, 2008         SHEPPARD MULLIN RICHTER &
                                HAMPTON LLP


                                By: _____/s/_____
                                        David Garcia

                                Attorneys for Defendants
                                SAMSUNG ELECTRONICS CO., LTD. and
                                SAMSUNG SEMICONDUCTOR, INC.


Dated: October 31, 2008         GIBSON DUNN & CRUTCHER LLP


                                By: _____/s/_____
                                        Joel Sanders

                                Attorneys for Defendants
                                MICRON TECHNOLOGY, INC. and
                                MICRON SEMICONDUCTOR PRODUCTS,
                                INC.


Dated: October 31, 2008         THELEN REID BROWN RAYSMAN
                                & STEINER LLP


                                By: _____/s/_____
                                        Samuel J. Maselli

                                Attorneys for Defendants
                                HYNIX SEMICONDUCTOR INC. and
                                HYNIX SEMICONDUCTOR AMERICA INC.
                                in the DRAM Claims Liquidation Trust matter
                                only

## ATTESTATION OF FILING

Pursuant to General Order No. 45 § X (B), I hereby attest that I have obtained concurrence in the service and filing of this Motion with electronic signatures from all of the Defendants listed in the signature blocks above.

                                        */s/ Joshua Stambaugh*
                                        Joshua Stambaugh