KAYE SCHOLER LLP
Aton Arbisser, Bar Number 150496
Julian Brew, Bar Number 150615
Joshua Stambaugh, Bar Number 233834
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendants Infineon Technologies
North America Corp. and Infineon Technologies AG
*[on behalf of all Defendants listed on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR, INC., ET AL.,<br><br>Defendants.<br><br>This document also filed in **related cases**:<br><br>*Unisys Corporation v. Hynix Semiconductor, Inc., et al.,* Case No. C-06-02915 PJH<br><br>*All American Semiconductor, Inc. v. Hynix Semiconductor, Inc., et al.,* Case No. C-07-01200 PJH<br><br>*Edge Electronics, Inc. v. Hynix Semiconductor, Inc., et al.,* Case No. C-07-01207 PJH<br><br>*Jaco Electronics, Inc. v. Hynix Semiconductor, Inc., et al.,* Case No., C-07-01212 PJH<br><br>*DRAM Claims Liquidation Trust, by its Trustee Wells Fargo Bank, NA v. Hynix Semiconductor, Inc., et al.,* Case No. C-07-01381 PJH | Case No. C 06-01665 PJH<br><br>**DEFENDANTS' OBJECTION AND MOTION TO STRIKE THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT L. WHITE SUBMITTED WITH PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS ON DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS HALBERT WHITE PURSUANT TO FED. R. CIV. P. 37; DECLARATION OF JOSHUA S. STAMBAUGH**<br><br>Courtroom:  3, 17th Floor<br>Judge:  Hon. Phyllis J. Hamilton |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 37, defendants hereby bring this Objection and Motion to Strike the Declaration of Plaintiffs' Expert Witness Halbert White Submitted With Plaintiffs' Responses to Defendants' Evidentiary Objections on Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White (the "White Declaration"). On December 10, 2008, plaintiffs filed the White Declaration along with their responses to certain evidentiary objections defendants made in connection with defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White (the "White Motion").

The White Declaration is improper because it violates Fed. R. Civ. Proc. 37 (b) & (c). All of the information contained in the White Declaration should have been disclosed to defendants pursuant to the deadlines imposed by Fed. R. Civ. Proc. 26 (a) (2) and this Court's Order regarding expert discovery. The submission of the White Declaration also violates several Local Rules, and it will prejudice defendants. Therefore, the White Declaration should be stricken and should not be considered by the Court in its ruling on defendants' White Motion.[1]

## II. STATEMENT OF FACTS

Pursuant to Court order, the deadline for plaintiffs' experts' rebuttal reports was May 2, 2008, and the deadline for completing expert discovery in these cases was May 23, 2008. *See* 01/28/08 Pre-Trial Order No. 2 [Docket 06-1665, No. 307]. Prior to those deadlines, Dr. White submitted an initial report of 281 pages (including appendices) and a rebuttal report of 208 pages (including appendices), and defendants deposed Dr. White over the course of two and half days on those reports. *See, e.g.*, Declaration of Joshua S. Stambaugh in support of defendants' White Motion, Exhibits 7 & 8 [Docket 06-1665, Nos. 388 & 391]. On July 30, 2008, defendants served their joint White Motion. Pursuant to Court Order, the White Motion and supporting papers were filed a week later on August 8, 2008. *See* 07/29/08 Minute Order [Docket 06-1665, No. 354].

On September 24, 2008, plaintiffs served their opposition and the supporting Declaration of

---

[1] Defendants have requested that plaintiffs withdraw the White Declaration, but have been unable to resolve this dispute to date as explained in the attached Declaration of Joshua S. Stambaugh.

1

DEFENDANTS' OBJECTION AND MOTION TO STRIKE
THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT L. WHITE UNDER FED. R. CIV. P. 37 - Case No. 06-01665 PJH and *related cases*

David Cross, which attached evidence allegedly supporting Professor White's expert opinions, but which was not previously submitted in either expert report of Halbert White. *See* Declaration of David Cross in Support of Plaintiffs' Opposition [Docket 06-1665, No. 428]. Plaintiffs filed their opposition one week later. On October 31, 2008, defendants served and filed their reply brief along with their joint objections to plaintiffs' evidence submitted with their opposition and attached to the Declaration of David Cross [Docket 06-1665, No. 445].

On December 10, 2008, six weeks after defendants filed their reply and objections, and only one week prior to the hearing on defendants' White Motion, plaintiffs filed the White Declaration. [Docket 06-1665, No. 493-Part 2]. The Declaration is ten pages long and includes twenty-four single spaced paragraphs. The Declaration contains additional expert opinions that were not included in either of Professor White's expert reports, and reiterates other conclusions that were included in Professor White's expert reports. For instance, the declaration states: "[i]n brief, *I explain why my opinions and analysis in this matter are supported by the scientific articles cited in plaintiffs' opposition*. I have personally reviewed the articles cited and in my expert judgment find them to be relevant and reliable" and "*I remained convinced* that the methods that I used in my analysis are standard methods that are reliable." White Declaration at ¶¶ 4, 6 (emphasis added).

The White Declaration also contains arguments directly responding to the defendants' Motion. For example, the declaration states: "*[d]efendants' attorneys contend* that plaintiffs have not shown that the two-step approach is accepted in the scientific community and that this approach is unreliable. *In fact, . . .*"; and "*[d]efendants' attorneys contend* that I have erroneously excluded from my econometric model factors that are within the control or influence of defendants and non-defendant DRAM suppliers, such as capacity, capacity utilization, wafer starts, and inventory levels. *To the contrary, . . .*" White Declaration at ¶¶ 9, 15 (emphasis added).

The White Declaration also cites to, and quotes extensively from, a judicial opinion, and argues the importance of the opinion. *See* White Declaration at ¶¶ 22-23 ("Judge Dubois's opinion [from the *In re Linerboard* case] was explicit on the validity of reduced-form modeling . . . ."; and "Judge Dubois's opinion was also explicit on the significance of the benchmark period . . . .").

## III. ARGUMENT

### A. The White Declaration Is Improper And Should Be Stricken Because It Violates Fed. R. Civ. Proc. 26 And This Court's Order Regarding Expert Discovery.

Fed. R. Civ. Proc. 37 (c) (1) provides that "if a party fails to provide information as required by Rule 26 (a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Rule 26 (a) (2) provides that disclosure of expert testimony must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26 (a) (2) (C). As the Ninth Circuit has explained, Rule 37 (c) (1) is a "self-executing, automatic sanction to provide a strong inducement for disclosure of material" in a timely manner. *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

On January 28, 2008, this Court entered Pre-trial Order No. 2, which held that the deadline for Plaintiffs to submit rebuttal expert reports was May 2, 2008, and the deadline for completing expert discovery was May 23, 2008. [Docket 06-1665, No. 307]. *See also* 09/04/07 Stipulation and Order Re Expert Discovery at ¶ 1 [Docket 06-1665, No. 172] (requiring an expert to produce "all data or other information considered by the witness in forming the [expert's] opinions" within three days after serving their expert reports). Although plaintiffs have submitted the White Declaration under the guise of a "response" to defendants' evidentiary objections, the Supplemental Declaration contains additional expert opinions that were not previously disclosed. Plaintiffs' submission of the White Declaration is therefore in violation of Pre-trial Order No. 2: it contains additional expert work product and additional materials White claims support his opinions and was submitted almost six months after the deadline for expert discovery has expired.[2]

Therefore, pursuant to Fed. R. Civ. P. 37 (c), plaintiffs failed to disclose expert testimony and information at the time required by Rule 26 (a). Plaintiffs have not offered any reasons why the December 10, 2008 filing of the White Declaration was "substantially justified" or "harmless." Nor

---

[2] The submission of the White Declaration violates Pre-Trial Order No. 2 for the additional reason that plaintiffs were required to serve all materials opposing defendants' White Motion by September 24, 2008. *See* 01/28/08 Pre-Trial Order No. 2 [Docket 06-1665, No. 307].

3

do there appear to be any reasons. Further, because the submission is in violation of this court's discovery orders as set forth in Pre-Trial Order No. 2, this court may issue additional orders as it deems appropriate under Fed. R. Civ. P. 37 (b) (2) (A).

**B.      The White Declaration Is Improper And Should Be Stricken Because It Violates This Court's Local Rules Regarding Supplementary Materials, Page Limits, and The Proper Form of Declarations.**

Civil Local Rule 7-3 (d) states that "once a reply [brief] is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Plaintiffs have submitted the White Declaration almost six weeks after defendants filed their reply brief and evidentiary objections without even a request for Court approval. Thus, Plaintiffs' submission violates Local Rule 7-3(d).

Civil Local Rule 7-4 (b) states: "[u]nless the Court expressly orders otherwise . . . briefs or memoranda filed with opposition papers may not exceed 25 pages of text . . . ." The White Declaration contains improper argument specifically responding to arguments the defendants made in their memorandum supporting the White Motion. The Court has not granted relief from these page limitations with respect to the White Motion, and the White Declaration therefore violates the explicit page limits set forth in Local Rule 7-4 (b) and should be stricken.

Civil Local Rule 7-5 (b) states that any affidavit or declaration made in support of, or in opposition to, any motion "may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56 (e), and must avoid conclusions and argument." However, the White Declaration contains explicit argument aimed at the defendants' Motion as well as analysis of legal opinions. Thus, plaintiffs' submission violations Local Rule 7-5 (b).[3]

**C.      The White Declaration Prejudices Defendants.**

Plaintiffs admit that all of the arguments which Professor White responds to in his Declaration were raised and discussed either in Defendants' own expert reports, or during Dr. White's deposition. *See* Plaintiffs' Response to Defendants' Joint Evidentiary Objections [Docket

---

[3] The declaration also appears to violate numerous format requirements, including font size, footnote size, line spacing and line numbering, among others. *See, e.g.*, Local Rules 3-4 (a) & (c).

4

DEFENDANTS' OBJECTION AND MOTION TO STRIKE
THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT L. WHITE UNDER FED. R. CIV. P. 37 - Case No. 06-01665 PJH and *related cases*

06-1665, No. 493-Part 1, at 5:5-19]. They also were briefed months ago in the White Motion.[4] Despite this, plaintiffs offer no excuse for submitting additional expert opinions and conclusions on the eve of the hearing on defendants' Motion to exclude that expert's opinions, when defendants have no opportunity to respond to the new opinions contained in the White Declaration.

Plaintiffs were served with Defendants' White Motion on July 30, 2008, and had two months to prepare their opposition. Plaintiffs also have had six weeks since defendants served their reply on October 31, 2008 to seek Court approval if they felt a need to submit additional material. While defendants do not believe that anything in White's new declaration supports denial of the White Motion, it is now less than a week before the hearing on the White Motion, and defendants would be prejudiced if the Court were to consider additional new material at this late date, well after the final briefing on this motion was required to be completed. Given this delay, plaintiffs cannot show that belated submission of this new material from their expert witness was "substantially justified" or "harmless." *See* Fed. R. Civ. Proc. 37 (c) (1).

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the White Declaration be stricken in its entirety and the court issue any other just orders as it deems appropriate pursuant to Fed. R. Civ. P. 37 (b) & (c).

DATED: December 12, 2008

Respectfully Submitted,
KAYE SCHOLER LLP

By: /s/
Julian Brew
Attorneys for Defendants
INFINEON TECHNOLOGIES NORTH AMERICA
CORP. AND INFINEON TECHNOLOGIES AG
*[On behalf of all Defendants listed below]*

---

[4] White's explanation in paragraph 10 of the White Declaration that defendants' challenges to his second step were not made before the White Motion is not correct. The White Motion itself cites portions of expert reports that directly criticize White's second step. In any event, White had the burden of laying a proper foundation for his expert opinions in his report, regardless of defendants' criticisms.

1

2   Dated: December 12, 2008                                O'MELVENY & MYERS LLP

3
                                                            By:_____/s/_____
4                                                                Kenneth O'Rourke

5                                                           Attorneys for Defendants
                                                            HYNIX SEMICONDUCTOR INC. and
6                                                           HYNIX SEMICONDUCTOR AMERICA INC.

7   Dated: December 12, 2008                                ORRICK, HERRINGTON & SUTCLIFFE LLP

8
                                                            By:_____/s/_____
9                                                                Howard M. Ullman

10                                                          Attorneys for Defendants
                                                            NANYA TECHNOLOGY CORPORATION
11                                                          and NANYA TECHNOLOGY
                                                            CORPORATION USA
12

13  Dated: December 12, 2008                                SIMPSON THACHER & BARTLETT LLP

14

15
                                                            By:_____/s/_____
16                                                               Harrison J. Frahn IV

17                                                          Attorneys for Defendants
                                                            ELPIDA MEMORY, INC. and
18                                                          ELPIDA MEMORY (USA) INC.

19  Dated: December 12, 2008                                WINSTON & STRAWN LLP

20

21
                                                            By:_____/s/_____
22                                                               Robert Pringle

23                                                          Attorneys for Defendants
                                                            NEC ELECTRONICS AMERICA, INC.
24

25

26

27

28
                                                    6
                              DEFENDANTS' OBJECTION AND MOTION TO STRIKE
        THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT L. WHITE UNDER FED. R. CIV. P. 37 - Case No. 06-01665 PJH and *related cases*

KAYE SCHOLER LLP

Dated: December 12, 2008                          GIBSON DUNN & CRUTCHER LLP


                                                  By: _____/s/_____
                                                           Joel Sanders

                                                  Attorneys for Defendants
                                                  MICRON TECHNOLOGY, INC. and
                                                  MICRON SEMICONDUCTOR PRODUCTS,
                                                  INC.


## ATTESTATION OF FILING

Pursuant to General Order No. 45 § X (B), I hereby attest that I have obtained concurrence in the service and filing of this Motion with electronic signatures from all of the Defendants listed in the signature blocks above.

                                                  _/s/ Joshua Stambaugh_____
                                                      Joshua Stambaugh

DEFENDANTS' OBJECTION AND MOTION TO STRIKE
THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT L. WHITE UNDER FED. R. CIV. P. 37 - Case No. 06-01665 PJH and *related cases*

# DECLARATION OF JOSHUA S. STAMBAUGH

I, Joshua S. Stambaugh, declare as follows:

1. I am a member in good standing of the State Bar of California and an associate in the law firm of KAYE SCHOLER LLP, counsel for defendants Infineon Technologies AG and Infineon Technologies North America Corp., in the above-entitled actions. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could and would testify to them. I make this declaration in support of Defendants' Objection and Motion to Strike the Declaration of Plaintiffs' Expert Witness Halbert White ("Objection and Motion to Strike").

2. On December 10, 2008, plaintiffs filed a Declaration of Halbert L. White one week before the hearing on defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White.

3. On the morning of December 11, 2008, I attempted to contact counsel for the plaintiffs by both email and telephone. I was eventually able to speak with David Cross at Crowell & Moring, counsel for all plaintiffs except DRAM Claims Liquidation Trust. I informed Mr. Cross of defendants' position, and requested that the plaintiffs immediately withdraw the White Declaration for all of the reasons set forth in defendants' Objection and Motion to Strike. I also informed Mr. Cross of the very short time period between the filing of the White Declaration and the hearing on defendants' motion to exclude the testimony of Professor White, and that if plaintiffs did not withdraw the White Declaration, defendants reserved the right to seek all judicial remedies.

4. At the time of the filing of defendants' Objection and Motion to Strike, I have not received a response from the plaintiffs regarding defendants' request to withdraw the declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of December, 2008, in Los Angeles, California

Joshua S. Stambaugh

i

STAMBAUGH DECL. IN SUPPORT OF DEFENDANTS' OBJECTION AND MOTION TO STRIKE
THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT L. WHITE - Case No. 06-01665 PJH and *related cases*