1  Jerome A. Murphy *(pro hac vice)*
   David D. Cross (*pro hac vice*)
2  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
3  Washington, D.C.  20004-2595
   Telephone:     202-624-2500
4  Facsimile:      202-628-5116
   E-mail:          jmurphy@crowell.com
5                     dcross@crowell.com

6  Daniel A. Sasse (CA Bar No. 236234)
   Theresa C. Lopez (CA Bar No. 205338)
7  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
8  Irvine, CA  92614-8505
   Telephone:     949-263-8400
9  Facsimile:      949-263-8414
   E-mail:          dsasse@crowell.com
10                    tlopez@crowell.com

11 *Counsel for Plaintiff Sun Microsystems, Inc.,*
   *Unisys Corporation, Jaco Electronics, Inc.,*
12 *Edge Electronics, Inc., and All American Semiconductor, Inc.*

13

14                    **UNITED STATES DISTRICT COURT**

15        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| 16 SUN MICROSYSTEMS, INC., *et al.* v. HYNIX SEMICONDUCTOR, INC., *et al.*, | Case Nos.:  C-06-01665 PJH<br>C-06-02915 PJH<br>C-07-01200 PJH<br>C-07-01207 PJH<br>C-07-01212 PJH<br>C-07-01381 PJH |
| 18 UNISYS CORP. v. HYNIX SEMICONDUCTOR, INC., *et al.*, | |
| 20 ALL AMERICAN SEMICONDUCTOR, INC. v. HYNIX SEMICONDUCTOR, INC., *et al.*, | Assigned for all purposes to the Hon. Phyllis J. Hamilton |
| 22 EDGE ELECTRONICS, INC. v. HYNIX SEMICONDUCTOR, INC., *et al.*, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF PLAINTIFFS' EXPERT WITNESS HALBERT WHITE SUBMITTED WITH  PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS ON DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS HALBERT WHITE** |
| 24 JACO ELECTRONICS, INC. v. HYNIX SEMICONDUCTOR, INC., *et al.*, | |
| 26 DRAM CLAIMS LIQUIDATION TRUST, by its Trustee Wells Fargo Bank, N.A. v. HYNIX SEMICONDUCTOR, *et al.* | |

## I. INTRODUCTION

Defendants' motion to strike the December 10, 2008 Declaration of Halbert L. White, Jr. Ph.D (the "White Declaration") fails for three principal reasons. First, plaintiffs submitted the White Declaration solely to provide the evidentiary foundation elicited by defendants' objections served concurrently with their Reply Brief in Support of the Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White. Plaintiffs are entitled to lay a foundation for the admission of evidence in response to defendants' objections once a foundation objection has been asserted.

Second, the White Declaration does not contain any expert opinions which Dr. White expects to offer at trial that were not already disclosed pursuant to Fed. R. Civ. P. 26(a)(2) and this Court's Pre-trial Order No. 2. Nor does the White Declaration contain any arguments concerning the merits of defendants' *Daubert* motion directed at Dr. White. Rather, it simply explains how the scientific literature, expert reports and *Daubert* hearing transcripts cited by plaintiffs in their Opposition to the Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White (the "White Opposition Brief") relate to Dr. White's opinions and methods and support plaintiffs' claim that his methods are widely accepted and reliable. Such testimony, when submitted for purposes of opposing a *Daubert* motion may be considered regardless of whether it was previously disclosed. *350 W.A. LLC v. Chubb Group of Ins.*, No. 05CV75 WQH (CAB), 2007 WL 4365502 *29-30 (S.D. Cal. Dec. 5 2007).

Third, Dr. White has always maintained that his methods are widely accepted in the fields of econometrics and statistics, and defendants were aware of this from Dr. White's expert reports and multiple depositions. Moreover, defendants effectively demanded that plaintiffs lay the evidentiary foundation provided in the White Declaration in their objection. Thus, defendants cannot be surprised, or otherwise unfairly prejudiced, by anything contained in the White Declaration.

For these reasons, defendants' Motion to Strike should be denied.

## II.   STATEMENT OF FACTS

On December 14, 2007, Dr. White submitted his initial expert report in this case. This expert report contained all opinions Dr. White plans to offer at trial and set forth the methods Dr. White employed in reaching these opinions. This report also stated that Dr. White's methods had been accepted by the courts in *In re Linerboard* and *In re Vitamins*. White Rep. ¶ 17, n.57, ¶ 130 n. 187. Defendants deposed Dr. White on February 28 and 29, 2008 and conducted an extensive inquiry into Dr. White's methods, including the two-step analysis used to measure plaintiffs' overcharge and his criteria for selecting the variables used in his regression analysis. On May 2, 2008, Dr. White submitted his rebuttal expert report, in which he further defended the two-step analysis and his variable selection criteria. Defendants deposed Dr. White a second time on May 22, 2008.

On July 31, 2008, defendants moved to exclude the testimony of Dr. White in part because they claimed the two-step analysis and the variable selection criteria he used were not widely accepted in Dr. White's field. Plaintiffs opposed this motion in a brief filed on September 24, 2008, in which plaintiffs cited twenty-four articles from peer-reviewed journals in the fields of econometrics and statistics showing wide acceptance of both the two-step analysis and the variable selection criteria used by Dr. White . Plaintiffs also cited excerpts of expert reports in *In re Linerboard* and *In re Vitamins* showing that the two-step analysis Dr. White used has been accepted as reliable by other courts. On October 31, 2008, defendants' filed a reply brief in support of their motion as well as evidentiary objections to the scientific literature, the hearing transcripts, and expert reports on the grounds that "Professor White has not testified to the (sic) their meaning or how they support his analysis" and "there has been no testimony as to what was actually contained in the expert report that is the subject of the *Daubert* hearing in this unrelated action or how it actually compares to Professor White's analysis." Def. Evid. Obj. at 1-6. Plaintiffs responded to these objections on December 10, 2008, and in connection with these responses filed the White Declaration to provide additional foundation for the admission of this evidence. On Friday, December 12, 2008, defendants filed their motion to strike the White Declaration.

## III. ARGUMENT
### A. PLAINTIFFS ARE ENTITLED TO AN OPPORTUNITY TO LAY A FOUNDATION IN RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS' EVIDENCE

Defendants' motion to strike should be denied because it seeks to improperly deny plaintiffs an opportunity to lay an evidentiary foundation in response to defendants' objection. The Ninth Circuit has stated that "neither the district court nor the opposing party may unfairly deprive parties of the opportunity to lay a foundation in support of their evidence." *Jerden v. Amstutz*, 430 F.3d 1231, 1237 (9th Cir. 2005). District courts in this circuit and others have refused to grant motions to exclude evidence for lack of adequate foundation without affording some opportunity to lay that foundation. *E.g.*, *Seattle Audubon Soc'y v. Sutherland*, No. C06-1608MJP, 2007 WL 1655152 *1 (W.D. Wash. June 5, 2007) (denying motion to strike deposition as inadmissible before allowing plaintiffs an opportunity to lay foundation at preliminary injunction hearing); *Harper v. Griggs*, Civil Action No. 04-260, 2007 WL 486726 *3 n.8 (W.D. Ky. Feb. 12, 2007) (denying motion to strike evidence on hearsay grounds before giving plaintiff opportunity to lay foundation for business records exception); *McKenna v. Chilton Co.*, No. 86 Civ. 6707 (KMW), 1991 WL 18142 *1 n.2 (S.D.N.Y. Feb. 6, 1991) (denying as premature motion to strike evidence on hearsay grounds before plaintiff had opportunity to lay foundation for admissibility).

Here, defendants' motion to strike would deprive plaintiffs of any opportunity to cure defendants' objections and lay a foundation for the evidence they cite in the White Opposition Brief. Defendants cannot simultaneously demand through their objections that plaintiffs provide a foundation for evidence plaintiffs have submitted and then immediately move to exclude that foundation once presented to the Court. *Ergobilt, Inc. v. Neutral Posture Ergonomics, Inc.*, No. Civ.A. 397CV2548L., 2004 WL 1041586 *3-4, n.7 (N.D. Tex. May 6, 2004) (denying motion to strike affidavit submitted after the close of briefing schedule that established the foundation for evidence supporting fee application, where the affidavit was submitted only in response to evidentiary objections). By objecting to the evidence plaintiffs' submitted with their White Opposition Brief, defendants effectively requested and opened the door to additional evidence to

cure evidentiary deficiencies. Having raised the objection, they cannot now deny plaintiffs the opportunity to cure it.

### B. THE WHITE DECLARATION DOES NOT VIOLATE FED. R. CIV. P. 26(a)(2) AND THUS CANNOT PROPERLY BE EXCLUDED UNDER RULE 37(c)

#### 1. The White Declaration Contains No New Opinion Evidence

The White Declaration contains no expert opinion or work product that Dr. White plans to offer at trial that was not previously disclosed in accordance with Rule 26(a)(2) and this Court's Pre-trial Order No. 2. In his initial expert report, Dr. White explained both the two-step regression analysis he used to estimate plaintiffs' but-for prices as well as his criteria for selecting the variables used in his regression analysis. White Rep. ¶¶ 33; 145. In both his deposition testimony and rebuttal expert report, Dr. White defended both methodologies and stated that both the two-step regression method and his variable selection criteria were widely accepted in the econometric and statistical literature. White Reb. Rep. ¶¶ 52-61, 84-87. In the White Declaration, in response to defendants' evidentiary objections, Dr. White merely repeats his description of these methods and his reasons for using these methods in reaching his opinions on plaintiffs' damages in an effort to provide the foundation elicited by defendants' objections. There is nothing new in Dr. White's description of these methods or his reasons for using them.

In fact, defendants fail to identify any specific statement made by Dr. White in the White Declaration that purportedly constitutes "new" expert opinion that Dr. White has not previously disclosed in accordance with Rule 26(a)(2). Defendants state only vaguely and in conclusory fashion that the White Declaration "contains additional expert work product and additional materials White claims support his opinions." Mot. at 3. Because defendants cannot identify any particular statements in the White Declaration that they contend constitute new expert testimony not previously disclosed, defendants' motion to strike fails.

#### 2. Dr. White's Testimony Regarding The Reliability And Acceptance Of His Methods Should Be Considered Even Had It Not Been Previously Disclosed

As already explained, Dr. White's testimony regarding how the scientific literature, expert reports and *Daubert* hearing transcripts cited by plaintiffs in their White Opposition Brief relate

to and support his methods is submitted only for the purpose of opposing defendants' *Daubert* motion and laying the foundation for evidence showing that Dr. White's methods are widely accepted in the field of econometrics and statistics. Therefore, this testimony is not opinion testimony Dr. White plans to give at trial in support of plaintiffs' claims. Such testimony may be heard by the Court in deciding a *Daubert* motion regardless of whether such testimony was specifically disclosed in plaintiffs' Rule 26(a)(2) disclosures. *350 W.A. LLC v. Chubb Group of Ins.*, No. 05CV75 WQH (CAB), 2007 WL 4365502 *29-30 (S.D. Cal. Dec. 5 2007) (denying defendant's motion to strike expert declaration submitted only to establish the reliability of the expert's methodology on a *Daubert* motion even though the declaration contained statements not previously disclosed).

Moreover, the White Declaration cannot properly be excluded merely because the scientific literature cited by plaintiffs' in the White Opposition Brief and discussed in the White Declaration was not explicitly listed in Dr. White's initial expert report. Dr. White is permitted to rely on authorities not listed in his expert report in order to establish the reliability and widespread acceptance of his methodology on defendants' *Daubert* motion. *Baldwin v. Bader*, Civil. No. 07-46-P-H, 2008 WL 2875351 *3 (D.Me. July 23, 2008); *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D. Kan. 2003) (stating that Rule 26(a)(2) does not require that an expert report "recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of the expert opinion under *Daubert*").

Defendants' position in their motion would unfairly prejudice litigants offering expert testimony. According to defendants, a plaintiff would have to anticipate, at the time of its Rule 26(a)(2) disclosures, each and every specific challenge a defendant might make in a future *Daubert* motion and include in its disclosures not only any and all literature and other evidence the plaintiff might want to use to rebut defendants' future challenge but also any expert opinion needed solely to lay foundation for the admissibility of this evidence. Such a reading of Rule 26(a)(2) would be patently unfair and inconsistent with the purposes of the Rule, and indeed defendants cite *no authority* in support of such a draconian interpretation of the Rule. Rule 26(a)(2) does not require an expert "to anticipate every criticism and articulate every nano-detail

that might be involved in defending the opinion on cross-examination at a *Daubert* hearing. *McCoy*, 214 F.R.D. at 652.[1]

### C. THE WHITE DECLARATION DOES NOT PREJUDICE DEFENDANTS

Defendants opened the door to the evidence contained in the White Declaration through their objections, and they cannot now claim that they are prejudiced by plaintiffs' good faith efforts to respond to defendants' objections and cure the evidentiary shortcomings defendants asserted. It is well-established that "when a party opens up a subject, there can be no objection if the opposing party introduces evidence on the same subject." *Francis v. Clark Equip. Co.*, 993 F.2d 545, 550 (6th Cir. 1993).

Moreover, as explained above, Dr. White's declaration does not include any new expert opinions, and so defendants' claims of prejudice are unfounded. Dr. White merely describes what the econometric and statistical community has written about the methodology he used in making his damages calculations. All of the literature cited by plaintiffs and discussed in the White declaration are publicly available and identified by plaintiffs in the White Opposition Brief filed on September 24, 2008.

In addition, defendants are already very familiar with Dr. White's justifications for the use of a two-step regression analysis and his variable selection criteria. Dr. White explained in both of his expert reports as well as during his deposition that these methods were widely accepted by econometricians and statisticians. Dr. White likewise explicitly discussed in his rebuttal expert report that the same two-step method he applied in this case had been approved by the courts in the *Linerboard* and *Vitamins* cases. White Reb. Rep. ¶ 42. Therefore, the White Declaration

---

[1] Courts have denied motions to strike the testimony of expert witnesses who were never disclosed in accordance with 26(a)(2)(A), where the expert witness was called only for the purpose of providing evidence for a *Daubert* hearing. *In re Paoli Railroad Yard PCB Litig.*, 35 F.3d 717, 738 (3d Cir. 1994); *Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.*, Civ. Action No. 1:04-CV-2112-CAP, 2007 WL 4563875 at *8 (N.D. Ga. May 11, 2007). *Lyman v. St. Jude Med. S.C., Inc.*, No. 05-C-122, 2008 WL 2224352 at *4, n.3 (E.D. Wisc. 2008). For example, in *Lyman*, the court overruled the defendant's objection to a declaration submitted by an expert who had not been previously disclosed, where the declaration was submitted to establish the reliability of the methodology of the plaintiff's expert. *Lyman*, 2008 WL 2224352 at *4, n.3. These cases further demonstrate that evidence submitted to support the admissibility of expert testimony in a *Daubert Hearing* is not required to be disclosed under Rule 26(a)(2).

does not contain any evidence or opinion that defendants have not already been aware of for months. Therefore, defendants cannot show any prejudice from the Court's consideration of the White Declaration in ruling on defendants' evidentiary objections and, ultimately, the reliability of Dr. White's methodology.

### D. DR. WHITE'S DECLARATION WAS SUBMITTED IN ACCORDANCE WITH THIS COURT'S LOCAL RULES

Plaintiffs' submission of the White Declaration does not violate any of this Court's local rules, and defendants' arguments on this point are vague and unsupported and afford no basis for relief.[2] First, although Civil Local Rule 7-3(d) requires "supplementary material" to be filed by the time reply briefs are filed, this rule obviously cannot apply to responses to evidentiary objections filed *concurrently with reply briefs*. Under defendants' strained interpretation of Civil Local Rule 7-3(d), plaintiffs would not have had any opportunity to respond to defendants' objections because defendants did not serve their evidentiary objections on plaintiffs until the same day defendants served their reply briefs. Plaintiffs were entitled to respond to defendants' evidentiary objections and cure any evidentiary issues, and defendants' interpretation of Civil Local Rule 7-3(d) is incorrect.

Second, the White Declaration does not contain "improper argument specifically responding to arguments the defendants made in their memorandum supporting the White Motion," and thus it violates neither the page limits set forth in Civil Local Rule 7-4(b) or the requirements of Local Rule 7-5(b). The White Declaration contains only those facts offered to establish the foundation for the admission of the scientific literature, expert reports and hearing transcripts plaintiffs cite in their White Opposition Brief. Given defendants' objection to the evidence cited in the White Opposition Brief, plaintiffs are entitled to ensure that adequate foundation has been laid for this evidence. Defendants cannot ask plaintiffs to explain how the

---

[2] In addition, the White Declaration does not violate Civil Local Rules 3-4 regarding the format of papers presented for filing These rules govern only the formatting of motion papers and supporting briefs. There is no indication that these formatting rules apply to declarations and affidavits submitted by persons other than counsel.

evidence in question supports or relates to Dr. White's expert opinion and then reject the answer Dr. White has provided on the grounds that it is "improper argument."

## IV. CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that defendants' Motion to Strike the Declaration of Plaintiffs' Expert Witness Halbert L. White be denied.

DATED: December 16, 2008    CROWELL & MORING LLP

By: */s/David D. Cross*
Jerome A. Murphy (*pro hac vice*)
David D. Cross (*pro hac vice*)
Daniel A. Sasse (CA Bar No. 236234)
Theresa C. Lopez (CA Bar No. 205338)

*Counsel for Plaintiffs Sun Microsystems, Inc., Unisys Corporation, Jaco Electronics, Inc., Edge Electronics, Inc., and All American Semiconductor, Inc.*


*/s/James P.McCarthy*
James P. McCarthy (*pro hac vice*)
Michael Olafson (*pro hac vice*)
James M. Lockhart (*pro hac vice*)
DeAnne M. Hilgers (*pro hac vice*)
John C. Ekman (*pro hac vice*)
LINDQUIST & VENNUM PLLP.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
Telephone:   612-371-3211
Facsimile:    612-371-3207

*Counsel for Plaintiff DRAM Claims Liquidation Trust*

**ATTESTATION OF FILING**

Pursuant to General Order No. 45 § X(B), I hereby attest that I have obtained concurrence in the filing of Plaintiffs' Response to Defendants' Motion to Strike the Declaration of Plaintiffs' Expert Witness Halbert L. White from all the Plaintiffs listed in the above signature blocks.

                                                        */s/ David D. Cross*
                                                      David D. Cross

                                                    *Counsel for Plaintiffs Sun Microsystems, Inc., Unisys Corporation, Jaco Electronics, Inc., Edge Electronics, Inc., and All American Semiconductor, Inc.*